**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **ARTIST PUBLISHING GROUP, LLC dba APG,  a Delaware Limited Liability Company; FIRST-N-GOLD PUBLISHING, INC., a Florida Corporation; KASZ MONEY, INC., a New York Corporation; KMA ASSETS I LP, a Delaware Limited Partnership; KOBALT MUSIC PUBLISHING AMERICA, INC. dba KMPA, a Delaware Corporation; MXM MUSIC AB dba MXM, a Swedish Limited Liability Company; NOTTING HILL MUSIC, INC., a New York Corporation; and PRESCRIPTION SONGS, LLC, a California Limited Liability Company,**<br><br>         **Plaintiffs,**<br><br>                 **vs.**<br><br>**SUNS LEGACY PARTNERS, L.L.C. dba PHOENIX SUNS, a Delaware Limited Liablity Company; and DOES 1-10, inclusive,**<br><br>         **Defendants.** | **Case No: 24-5463**<br><br>**COMPLAINT FOR:**<br><br>1. **DIRECT COPYRIGHT INFRINGEMENT**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>3. **VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Artist Publishing Group, LLC dba APG, First-N-Gold Publishing, Inc., Kasz Money, Inc., KMA Assets I LP, Kobalt Music Publishing America, Inc. dba KMPA, MXM Music AB dba MXM, Notting Hill Music, Inc., and Prescription Songs, LLC ("Plaintiffs"), by and through their undersigned attorneys, bring this complaint (the "Complaint") against Suns Legacy Partners, L.L.C. dba Phoenix Suns ("PS"), and Does 1-10 (collectively "Defendants") upon knowledge and belief as to themselves and as to all other matters upon information and belief of their undersigned attorneys. With respect to facts alleged herein on information and belief, Plaintiffs and their undersigned attorneys are informed and believe that those facts are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, because, among other reasons, evidence to support those facts is exclusively in Defendants' possession.

## NATURE OF THE ACTION

1.      This is an action for copyright infringement in connection with the United States terms of copyright (the "Copyrights") in the musical compositions listed on **Exhibit 1** to the Complaint (the "Works"), each of which have been registered with the United States Copyright Office and synchronized in videos that have been exploited by or at the direction of the Defendants (the "Videos").

## PLAINTIFF

2.      Plaintiff Artist Publishing Group, LLC dba APG is a Delaware Limited Liability Company with its principal place of business located in Los Angeles, California.

3.      Plaintiff First-N-Gold Publishing, Inc. is a Florida Corporation with its principal place of business located in Miami Beach, Florida.

4.      Plaintiff Kasz Money, Inc. is a New York Corporation with its principal place of business located in New York, New York.

5.      Plaintiff KMA Assets II LP is a Delaware Limited Partnership with its principal place of business located in New York, New York.

6.      Plaintiff Kobalt Music Publishing America, Inc. dba KMPA is a Delaware

Corporation with its principal place of business located in New York, New York.

7.    Plaintiff MXM Music AB dba MXM is a Swedish Limited Liability Company with its principal place of business located in Stockholm, Sweden.

8.    Plaintiff Notting Hill Music, Inc. is a New York Corporation with its principal place of business located in Burbank, California.

9.    Plaintiff Prescription Songs, LLC is a California Limited Liability Company with its principal place of business located in New York, New York.

## DEFENDANTS

10.    Defendant Suns Legacy Partners, LLC dba Phoenix Suns is a Delaware Limited Liability Company with its principal place of business located in Phoenix, Arizona.

11.    Defendants Does 1 through 10 are sued herein by fictitious names for the reason that their true names are unknown to Plaintiffs. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of these Defendants when the same have been ascertained. Plaintiffs are informed and believe and based thereon allege that these fictitiously named Defendants are responsible in some manner for the actions and damages alleged herein.

12.    Plaintiffs are further informed and believe and based thereon allege that Defendants at all times herein alleged were the agents, employees, servants, joint venturers and/or co-conspirators of each of the other remaining Defendants, and that in doing the things herein alleged were acting in the course and scope of such agency, employment, joint venture and/or conspiracy.

## JURISDICTION AND VENUE

13.    Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.), and this Court has supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367.

14.    This Court has personal jurisdiction over Defendants in that, among other things: (1) PS caused injury to Plaintiffs within the State of New York, the home of all Plaintiffs'

exclusive agent for the licensing of their copyrights, and Kobalt Music Publishing America, Inc., dba KMPA, Kasz Money, Inc., KMA Assets I LP, Notting Hill Music Inc., and Prescription Songs, LLC's principal places of business and/or place of incorporation, through the continuous and systematic exploitation of the Works. (2) Additionally, Defendant PS (a) regularly does or solicits business in the State of New York (b) engages in a persistent course of conduct in the State of New York (c) derives substantial revenue from goods used or consumed or services rendered in the State of New York, (d) expects or should reasonably expect the act to have consequences in New York State and (e) derives substantial revenue from interstate or international commerce. N.Y. CPLR Law § 302.

15.    Venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims occurred in New York County and Defendants' actions caused injury in New York County.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16.    Plaintiffs respectively own copyright interests in various extremely successful songs. Plaintiffs' collective catalogues include classic hits like Britney Spears' "…Baby One More Time" and the Backstreet Boys' "I Want It That Way," as well as new favorites, like "Say So" by Doja Cat. Plaintiffs' respective songs are registered with the United States Copyright Office. Plaintiffs are in the business of receiving licensing fees for uses of their intellectual property via reproduction, distribution and/or public performance.

17.    Plaintiff Kobalt Music Publishing America, Inc. dba KMPA is the exclusive agent for the licensing of all other plaintiffs' at issue copyrights.

18.    PS owns and operates the National Basketball Association (NBA) team known as the Phoenix Suns.[1]

19.    Defendant PS dedicates substantial effort to its social media presence. PS maintains accounts on Facebook, Instagram, X (formerly Twitter), YouTube, TikTok and

---

[1] https://www.nba.com/suns

Snapchat. PS also operates a page on the official NBA website that features promotional videos, highlights, news, links to purchase PS branded merchandise, tickets, and additional content about the team.[2] PS implements social media campaigns to engage its fanbase, increase viewership, and promote PS products and content.

20.    Defendants are acutely aware of the protections that the Copyright Laws of the United States afford. PS has at least twenty active registered trademarks with USPTO and has multiple registered copyrights with the United States Copyright Office. PS utilizes the full extent of legal protections available for its own intellectual property while simultaneously knowingly and willfully infringing on the intellectual property rights of the Plaintiffs.

21.    Within the last three years, Plaintiffs learned via their publisher, Kobalt Music Publishing America, that Defendants had been exploiting the Copyrights by synchronizing the Works with the Videos (listed in Exhibit 1), which are intended to promote Defendants' commercial activities, and then exploiting the Videos on variety of consumer-facing platforms. Defendants did not obtain Plaintiffs' license, authorization, or consent to synchronize the Works with the Videos.

**FIRST CAUSE OF ACTION**
**DIRECT COPYRIGHT INFRINGEMENT**
**(Against All Defendants)**

22.    Plaintiffs hereby incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

23.    Without Plaintiffs' authorization, license, or consent, Defendants reproduced, distributed, and/or publicly performed the Works as part of the Videos, thereby infringing Plaintiff's exclusive rights of copyright to the Works under the Copyright Act, 17 U.S.C. §§ 106, 501.

24.    On information and belief, Defendants have authorized the reproduction, distribution, and/or public performance of the Works by synchronizing the Works with the

---

[2] *Id.*

5

Videos on social media websites.

    25.    Each unauthorized reproduction, distribution, and/or public performance of the Videos constitutes a separate and distinct act of copyright infringement of the Works.

    26.    Defendants' conduct has been intentional, willful and with full knowledge of Plaintiffs' copyrights in the Works and the direct infringement thereof.

    27.    Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Plaintiffs' copyrights, Plaintiffs are entitled to recover their actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to recover up to $150,000 in statutory damages per work infringed.

    28.    Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

    29.    Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Works and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works, including the Videos.

**SECOND CAUSE OF ACTION**
**CONTRIBUTORY COPYRIGHT INFRINGMENT**
**(Against All Defendants)**

    30.    Plaintiffs hereby incorporate the allegations set forth in the preceding allegations as though fully set forth herein.

    31.    Through their conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Recordings, including, without limitation, by way of reproduction, distribution, and/or public performance through the various websites listed on Exhibit 1. Specifically, by licensing the rights to reproduce, distribute, and/or publicly perform the Video, Defendants

induced and encouraged these websites to directly infringe Plaintiff's Copyrights.

32.    Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiffs' copyrights in the Recordings, and the contributory infringement thereof.

33.    Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' contributory infringement of Plaintiffs' copyrights, Plaintiffs are entitled to recover their actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C § 504(c), Plaintiffs are entitled to recover up to $150,000 in statutory damages per work infringed.

34.    Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

35.    Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued contributory infringement of the Recordings and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

### THIRD CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT
### (Against All Defendants)

36.    Plaintiffs hereby incorporate the allegations set forth in the preceding allegations as though fully set forth herein.

37.    Through their conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Recordings, including, without limitation, by way of reproduction, distribution, and/or public performance through the various websites listed on Exhibit 1. Specifically, Defendants enjoyed a direct financial benefit from the reproduction, distribution, and/or public performance of the Videos while having the right and ability to supervise the infringing activity

yet failed to exercise that right and ability to prevent the infringing activity.

38.    Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiffs' copyrights in the Recordings, and the contributory infringement thereof.

39.    Pursuant to 17 U.S.C § 504(b), as a direct and proximate result of Defendants' vicarious infringement of Plaintiffs' copyrights, Plaintiffs are entitled to recover their actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiffs are entitled to recover up to $150,000 is statutory damages per work infringed.

40.    Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

41.    Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to an injunction under 17 U.S.C. §502 prohibiting the continued vicarious infringement of the Recordings and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for Judgment as follows:

**On the First Claim for Direct Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Works during the terms of copyright; and

3. For attorneys' fees and costs.

**On The Second Claim for Contributory Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of contributory infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Works during the terms of copyright; and

3. For attorneys' fees and costs.

**On The Third Claim for Vicarious Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of vicarious infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Works during the terms of copyright; and

3. For attorneys' fees and costs.

**On All Claims For Relief:**

1. For costs of suit and attorneys' fees incurred herein;

2. For prejudgment interest at the legal rate; and

3. For such other and further relief as the Court deems just and proper.

DATED: July 18, 2024                                    **ANTHONY MOTTA ESQ**

                                              By     */s/* Anthony R. Motta
                                                   _____
                                                      Anthony R. Motta

9

**ANTHONY MOTTA ESQ**
Anthony R. Motta (SBN 1678275)
211 East 43rd Street, 7th Floor
New York, NY 10017
Telephone:     (914) 589-5356
Email: amotta@anthonymotta.com

**JOHNSON & JOHNSON LLP**
Douglas L. Johnson (Pro Hac Vice to be Filed)
Danel B. Lifschitz (Pro Hac Vice to be Filed)
439 N. Canon Dr. Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email:  djohnson@jjllplaw.com
        dlifschitz@jjllplaw.com

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury.


DATED: July 18, 2024                              **ANTHONY MOTTA ESQ**

                                        By   _/s/_ Anthony R. Motta
                                        _____
                                             Anthony R. Motta

                                             **ANTHONY MOTTA ESQ**
                                             Anthony R. Motta (SBN 1678275)
                                             211 East 43rd Street, 7th Floor
                                             New York, NY 10017
                                             Telephone:    (914) 589-5356
                                             Email: amotta@anthonymotta.com

                                             **JOHNSON & JOHNSON LLP**
                                             Douglas L. Johnson (Pro Hac Vice to be Filed)
                                             Danel B. Lifschitz (Pro Hac Vice to be Filed)
                                             439 N. Canon Dr. Suite 200
                                             Beverly Hills, California 90210
                                             Telephone: (310) 975-1080
                                             Facsimile: (310) 975-1095
                                             Email:  djohnson@jjllplaw.com
                                                     dlifschitz@jjllplaw.com

**Exhibit 1**

| Plaintiff | Work | USCO Reg. # | Infringing Uses |
|---|---|---|---|
| **APG** | Fireball | PA0001918626 | 1. https://www.facebook.com/suns/videos/10152989979858996 |
| | See You Again | PA0002031758 | 2. https://www.nba.com/suns/video/teams/suns/2015/10/30/1446237 tribute-video-10-30.mov-86294<br>3. https://www.nba.com/suns/video/teams/suns/2015/10/31/1446272 ceremonymp4-87991 |
| **KMA Assets I LP \|\| APG \|\| Prescription \|\| Kasz Money** | Timber | PA0002098155 / PA0001868393 | 4. https://www.nba.com/suns/video/2013/12/19/SunDanceKids121513mov-3082495 |
| **KMA Assets I LP \|\| Notting Hill** | A Little Party Never Killed Nobody (All We Got) | PA0001971655 | 5. https://www.nba.com/suns/video/2013/11/18/SunsDancers1115mov-3045113 |
| | Don't Cha Hate This When I Grow Up Medley | PA0001964449 / PA0001667238 | 6. http://www.twitter.com/SunsDancers/status/1099052694877044736 |
| **MXM** | Can't Stop The Feeling! | PA0002030605 | 7. https://www.nba.com/suns/video/teams/suns/2016/05/31/2016-17-suns-dancers-auditions |
| | I Want It That Way | PA0000940714 | 8. https://www.nba.com/suns/video/2019/1/16/the-outlet-jump-ball-2019 |
| **Notting Hill** | Jumpin', Jumpin' (So So Def Remix)//Credits | PA0001108217 | 9. https://www.tiktok.com/@sunsdancers/video/6807493554236116229 |

| | No Scrubs | PA0002203529 | https://www.nba.com/suns/video/2019/1/16/the-outlet-jump-ball-2019 |
|---|---|---|---|
| **Notting Hill \|\| First N Gold Publishing, Inc.** | All I Do Is Win | PA0001699760 | 10. https://www.tiktok.com/@sunsdancers/video/6755688279540075781 |
| **Prescription** | Verge | PA0001996114 | 11. https://www.nba.com/suns/drop-box-newuniformlivetsream9-8-15.mp4 |
| **Prescription \|\| APG** | Mmm Yeah | PA0001886182 | 12. https://www.nba.com/suns/suns-dancers-finalist-ashlee<br>13. https://www.nba.com/suns/suns-dancers-finalist-amanda-k<br>14. https://www.nba.com/suns/suns-dancer-finalist-mandi<br>15. https://www.nba.com/suns/suns-dancer-finalist-amber<br>16. https://www.nba.com/suns/suns-dancer-finalistjulia<br>17. https://www.nba.com/suns/suns-dancers-finalist-holly<br>18. https://www.nba.com/suns/suns-dancer-finalist-madison<br>19. https://www.nba.com/suns/suns-dancer-finalist-kiley<br>20. https://www.nba.com/suns/suns-dancers-finalist-jacque<br>21. https://www.nba.com/suns/suns-dancers-finalist-carin<br>22. https://www.nba.com/suns/suns-dancers-finalist-brittney |

| | | | |
|---|---|---|---|
| | | | 23. https://www.nba.com/suns/suns-dancer-finalist-alexi |
| | | | 24. https://www.nba.com/suns/suns-dancers-finalist-ariel |
| | | | 25. https://www.nba.com/suns/suns-dancers-finalist-bianca |
| | | | 26. https://www.nba.com/suns/suns-dancer-finalist-rachel |
| | | | 27. https://www.nba.com/suns/suns-dancer-finalist-sydni |
| | | | 28. https://www.nba.com/suns/suns-dancer-finalist-tiffani |
| | | | 29. https://www.nba.com/suns/suns-dancer-finalist-missy |
| | | | 30. https://www.nba.com/suns/suns-dancer-finalist-tatum |
| | | | 31. https://www.nba.com/suns/suns-dancers-finalist-alyssa |
| | | | 32. https://www.nba.com/suns/suns-dancers-finalist-chelsea |
| | | | 33. https://www.nba.com/suns/suns-dancers-finalist-isabel |
| | | | 34. https://www.nba.com/suns/suns-dancer-finalist-megan-h. |
| | | | 35. https://www.nba.com/suns/suns-dancers-finalist-cherise |
| | | | 36. https://www.nba.com/suns/suns-dancer-finalist-alexandra |
| | | | 37. https://www.nba.com/suns/suns-dancer-finalist-amanda-w |
| | | | 38. https://www.nba.com/suns/suns-dancer-finalist-jordan |
| | | | 39. https://www.nba.com/suns/suns-dancer-finalist- |

| | | | megan-n. |
|---|---|---|---|
| | | | 40. https://www.nba.com/suns/suns-dancer-finalist-tia |
| | | | 41. https://www.nba.com/suns/suns-dancer-finalist-skye |