UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTIST PUBLISHING GROUP, LLC d/b/a APG, a Delaware Limited Liability Company; FIRST-N-GOLD PUBLISHING, INC., a Florida Corporation; KASZ MONEY, INC., a New York Corporation; KMA ASSETS I LP, a Delaware Limited Partnership; KOBALT MUSIC PUBLISHING AMERICA, INC. d/b/a KMPA, a Delaware Corporation; MXM MUSIC AB dba MXM, a Swedish Limited Liability Company; NOTTING HILL MUSIC, INC., a New York Corporation; PRESCRIPTION SONGS, LLC, a California Limited Liability Company, KOBALT MUSIC SERVICES AMERICA, INC., a Delaware Corporation; KOBALT MUSIC SERVICES, LTD., an English Private Limited Company; and KOBALT MUSIC SERVICES AMERICA II, INC., a Delaware Corporation<br><br>    Plaintiffs,<br><br>    v.<br><br>SUNS LEGACY PARTNERS, L.L.C. d/b/a PHOENIX SUNS, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: 1:24-cv-05463-JLR<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Suns Legacy Partners, L.L.C. (d/b/a the "Phoenix Suns" or the "Team"), by and through its undersigned attorneys, answers the First Amended Complaint of Plaintiffs Artist Publishing Group, LLC (d/b/a "APG"), a Delaware Limited Liability Company; First-N-Gold Publishing, Inc., a Florida Corporation; Kasz Money, Inc., a New York Corporation; KMA Assets I LP, a Delaware Limited Partnership; Kobalt Music Publishing America, Inc. (d/b/a "KMPA"), a Delaware Corporation; MXM Music AB (d/b/a "MXM"), a Swedish Limited Liability Company;

1

Notting Hill Music, Inc., a New York Corporation; Prescription Songs, LLC, a California Limited Liability Company, Kobalt Music Services America, Inc., a Delaware Corporation, Kobalt Music Services, Ltd., an English Private Limited Company, and Kobalt Music Services America II, Inc., a Delaware Corporation (collectively, "Plaintiffs"), dated Dec. 9, 2024 [Dkt. No. 38] (the "First Amended Complaint")[1] as follows:

## NATURE OF THE ACTION

1. The allegations set forth in paragraph 1 of the First Amended Complaint characterize the Plaintiffs' Complaint, which speaks for itself. To the extent any allegations in this paragraph allege wrongdoing by the Phoenix Suns, such allegations are expressly denied.

## PLAINTIFF [sic]

2. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of the First Amended Complaint, and on that basis deny those allegations.

3. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 of the First Amended Complaint, and on that basis deny those allegations.

4. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of the First Amended Complaint, and on that basis deny those allegations.

---

[1] Plaintiffs filed their First Amended Complaint on December 6, 2024 [Dkt. No. 37] and then filed a corrected First Amended Complaint on December 9, 2024 [Dkt. No. 38]. For purposes of this Answer, "First Amended Complaint" refers to the latter.

5. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5 of the First Amended Complaint, and on that basis deny those allegations.

6. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6 of the First Amended Complaint, and on that basis deny those allegations.

7. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 7 of the First Amended Complaint, and on that basis deny those allegations.

8. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 8 of the First Amended Complaint, and on that basis deny those allegations.

9. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 9 of the First Amended Complaint, and on that basis deny those allegations.

10. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 10 of the First Amended Complaint, and on that basis deny those allegations.

11. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 11 of the First Amended Complaint, and on that basis deny those allegations.

12. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 12 of the First Amended Complaint, and on that basis deny those allegations.

## DEFENDANTS

13. The Phoenix Suns admit that they are a Delaware Limited Liability Company with their principal place of business in Phoenix, Arizona.

14. Plaintiffs' allegation that they "will seek leave to amend this [First Amended] Complaint to allege the true names and capacities of these Defendants when the same have been ascertained" is not a proper factual allegation and does not require a response. With respect to the remaining allegations in paragraph 14, the Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations set forth therein, and on that basis deny those allegations.

15. The Phoenix Suns deny the allegations set forth in paragraph 15 of the First Amended Complaint.

## JURISDICTION AND VENUE

16. Paragraph 16 of the First Amended Complaint contains legal conclusions to which no response is required.

17. The allegations in paragraph 17 of the First Amended Complaint regarding the conclusion that there is personal jurisdiction over Defendants state a legal conclusion to which no response is required. With respect to the allegations in paragraph 17 regarding the "home of all Plaintiffs' exclusive agent for the licensing of their copyrights," the Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of those allegations and on that basis deny the same. Similarly, with respect to the allegations in paragraph 17 pertaining to parties other than

the Phoenix Suns, the Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of those allegations and on that basis deny the same. The Phoenix Suns deny the remaining allegations in paragraph 17 to the extent they pertain to the Team, and specifically deny the allegation of any wrongdoing or injury to Plaintiffs.

18.     The allegations in paragraph 18 of the First Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Phoenix Suns deny such allegations, especially as it pertains to any alleged injury to Plaintiffs.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

19.     The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the First Amended Complaint, and on that basis deny those allegations.

20.     The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the First Amended Complaint, and on that basis deny those allegations.

21.     The Phoenix Suns admit that they own the National Basketball Association ("NBA") team known as the Phoenix Suns. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the First Amended Complaint regarding whether they "operate" the NBA team known as the Phoenix Suns because they engage natural persons to operate the company and, on that basis, deny those allegations.[2]

22.     The Phoenix Suns admit that they administer accounts with Facebook, Instagram, X, YouTube, TikTok, and Snapchat, and that there is a page on the NBA.com website directed to the Team, which contains content relating to news, promotional videos, highlights, links to

---

[2] Plaintiffs' footnote no. 1 does not contain a factual allegation and therefore does not require a response.

purchase merchandise using the Phoenix Suns' brand, and game tickets. The Phoenix Suns deny all remaining allegations in paragraph 22 of the First Amended Complaint.[3]

23. The Phoenix Suns admit that, when appropriate, they enforce their trademark and copyright registration rights. The Phoenix Suns deny all remaining allegations as stated in paragraph 23 of the First Amended Complaint.

24. The allegation in paragraph 24 of the First Amended Complaint that "Defendants did not obtain Plaintiffs' license, authorization, or consent to synchronize the Works with the Videos" calls for a legal conclusion to which no response is required. The Phoenix Suns lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 24, and on that basis deny those allegations. The Phoenix Suns specifically deny any alleged wrongdoing.

**FIRST CAUSE OF ACTION**
**DIRECT COPYRIGHT INFRINGEMENT**
**(Against all Defendants)**

25. The Phoenix Suns incorporate by reference their responses to paragraphs 1-24 above, as if fully set forth here.

26. The Phoenix Suns deny the allegations in paragraph 26 of the First Amended Complaint.

27. The Phoenix Suns deny the allegations in paragraph 27 of the First Amended Complaint.

28. The Phoenix Suns deny the allegations in paragraph 28 of the First Amended Complaint.

---

[3] Plaintiffs' footnote no. 2 does not contain a factual allegation and therefore does not require a response.

29. The Phoenix Suns deny the allegations in paragraph 29 of the First Amended Complaint.

30. The Phoenix Suns deny the allegations in paragraph 30 of the First Amended Complaint.

31. The Phoenix Suns deny the allegations in paragraph 31 of the First Amended Complaint.

32. The Phoenix Suns deny the allegations in paragraph 32 of the First Amended Complaint.

**SECOND CAUSE OF ACTION**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(Against all Defendants)**

33. The Phoenix Suns incorporate by reference their responses to paragraphs 1-32 above, as if fully set forth here.

34. The Phoenix Suns deny the allegations in paragraph 34 of the First Amended Complaint.

35. The Phoenix Suns deny the allegations in paragraph 35 of the First Amended Complaint.

36. The Phoenix Suns deny the allegations in paragraph 36 of the First Amended Complaint.

37. The Phoenix Suns deny the allegations in paragraph 37 of the First Amended Complaint.

38. The Phoenix Suns deny the allegations in paragraph 38 of the First Amended Complaint.

## THIRD CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT
**(Against all Defendants)**

39. The Phoenix Suns incorporate by reference their responses to paragraphs 1-38 above, as if fully set forth here.

40. The Phoenix Suns deny the allegations in paragraph 40 of the First Amended Complaint.

41. The Phoenix Suns deny the allegations in paragraph 41 of the First Amended Complaint.

42. The Phoenix Suns deny the allegations in paragraph 42 of the First Amended Complaint.

43. The Phoenix Suns deny the allegations in paragraph 43 of the First Amended Complaint.

44. The Phoenix Suns deny the allegations in paragraph 44 of the First Amended Complaint.

## PRAYER FOR RELIEF

45. WHEREFORE, the Phoenix Suns deny that any of the Plaintiffs are entitled to any relief whatsoever, including damages—either actual, with disgorgement, or statutory, including any injunctive or other equitable relief, attorneys' fees and costs, and all other forms of relief sought under each claim in the "WHEREFORE" section of the First Amended Complaint.

**AFFIRMATIVE DEFENSES**

46. Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, the Phoenix Suns assert the following separate defenses to the First Amended Complaint:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

47. Plaintiffs' causes of action are barred, in whole or in part, for failure to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Statute of Limitations, 17 U.S.C. § 507)**

48. Plaintiffs' causes of action are barred, in whole or in part, by the relevant statute of limitations because the Complaint [Dkt. No. 4] was filed more than three years "after the claim accrued." 17 U.S.C. § 507.

49. A cause of action ordinarily accrues when a plaintiff has a complete and present cause of action. In other words, the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief. A copyright cause of action thus arises or accrues when an infringing act occurs. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U. S. 663, 670 (2014). This standard principle of law and statutory interpretation is called the "injury rule." Under the injury rule, Plaintiffs' causes of action are barred, in whole or in part, because the uses of music for which they complain occurred more than three years prior to the filing of the original Complaint on July 18, 2024. There is no reason in law or fact to deviate from the injury rule in this case. *See Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024) (Gorsuch, J., dissenting).

50. Even if a different rule (*e.g.*, the "discovery rule") were applied, Plaintiffs' causes of action would be barred, in whole or in part, because Plaintiffs either knew or should have known

9

about the allegedly infringing uses more than three years prior to the filing of the original Complaint. Plaintiffs, through their agents, first gave notice that they were aware of accused uses of music on April 21, 2021 (the "First Notice Date"), which is more than three years prior to the original filing of the original Complaint on July 18, 2024. Under Federal Rule of Civil Procedure 15(c)(1)(B), the newly alleged uses in Plaintiffs' First Amended Complaint do not relate back to the date of Plaintiffs' original Complaint because they arise out of entirely different videos that were posted to different Internet and/or social media websites at different times that include different songs and different musical artists. The newly alleged uses arise out of entirely separate transactions or occurrences than those alleged in the original Complaint, and concern unique and distinctive alleged conduct on the part of the Phoenix Suns.

51. Subsequently, it has been revealed that Plaintiffs, through their agents, employed software programs to search the Internet for uses of music, and those programs created a database of accused uses (the "Archive"). On information and belief, the Archive identified uses which are the subject of this lawsuit long before the First Notice Date. Despite numerous requests, Plaintiffs have refused to produce the Archive, or respond to queries about the date of creation of the Archive, when Plaintiffs and/or their agents first became aware of these alleged infringements, or when Plaintiffs engaged agents and/or software programs to search for potential infringements. Nonetheless, because Plaintiffs, through their agents, had all of the information necessary to file suit and obtain relief more than three years prior to the filing of the original Complaint, their causes of action are barred, in whole or in part, by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Copyright Misuse)

52. Plaintiffs' causes of action are barred, in whole or in part, because they engaged in copyright misuse. Among other things, Plaintiffs attempted to leverage their copyright

registrations along with threats of attorneys' fees in order to extort from the Team disproportionate payments for allegedly infringing uses. At the same time, Plaintiffs refused to provide the Phoenix Suns with the data revealing the totality of the music the Team allegedly infringed.

### FOURTH AFFIRMATIVE DEFENSE
### (Implied License)

53. Plaintiffs' causes of action are barred, in whole or in part, because the Phoenix Suns possessed an express and/or implied license to use Plaintiffs' alleged copyrighted works.

### FIFTH AFFIRMATIVE DEFENSE
### (Fair Use, 17 U.S.C. § 107)

54. Plaintiffs' causes of action are barred, in whole or in part, because any use the Phoenix Suns made of Plaintiffs' copyrighted work was a fair use.

### SIXTH AFFIRMATIVE DEFENSE
### (First Amendment)

55. Plaintiffs' causes of action are barred, in whole or in part, because the Phoenix Suns' alleged conduct is protected by the First Amendment of the United States Constitution and applicable state constitutions.

### SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

56. Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

57. Plaintiffs' causes of action are barred, in whole or in part, by the doctrines of waiver and estoppel.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

58. Plaintiffs' claims for equitable relief are barred, in whole or in part, by the doctrine of laches.

59. The Phoenix Suns reserve the right to add, alter, and/or amend their Answer to Plaintiffs' First Amended Complaint and their defenses as may later become available and apparent to them, and to withdraw any defenses that they determine to be inapplicable.

Date:   New York, New York
        December 20, 2024

Respectfully submitted,

**BARNES & THORNBURG LLP**

By:   /s/David S. Slovick
David S. Slovick
New York Bar No. 5337811
390 Madison Avenue, 12th Floor
New York, New York 10017
Telephone: (646) 746-2000
Facsimile: (646) 746-2001
Email: David.Slovick@btlaw.com

Anna Kalinina *(admitted pro hac vice)*
Texas Bar No. 24092605
Benjamin T. Pendroff
New York Bar No. 5013982
2121 N. Pearl Street, Suite 700
Dallas, TX 75201-2469
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
Email: Anna.Kalinina@btlaw.com
Email: bpendroff@btlaw.com

William Craver (*admitted pro hac vice*)
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 284-3771
Facsimile: (310) 284-3894
Email: wcraver@btlaw.com

***Counsel for Defendant Suns Legacy Partners, L.L.C.***

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 20th day of December, 2024, the foregoing pleading was served upon all counsel of record via the Court's CM/ECF system.

*/s/ David S. Slovick*
David S. Slovick

13